**METAL COATINGS, INC., Plaintiff,**

v.

**CONVERSION CHEMICAL CORPORATION, Defendant.**

No. 72-C-515.

United States District Court,
E. D. Wisconsin.

May 9, 1973.

Richard E. Nelson, Milwaukee, Wis., for plaintiff.

Gibbs, Roper & Fifield by Thomas B. Fifield and Edward A. Porter, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for default judgment on its counterclaim; alternatively, it seeks judgment on the pleadings with respect to that counterclaim.

The complaint charges that the plaintiff relied on the defendant's representations concerning the defendant's metal plating process and purchased chemicals and supplies from a distributor as a result thereof. It is alleged that the process was unsatisfactory for the plaintiff's needs and that, therefore, the defendant has violated certain warranties. The damages sought include a claim for "unpaid invoices for chemicals and supplies" purchased from the distributor in the amount of $4,425.27.

After removal of this action to federal court, and following two extensions stipulated to by the plaintiff, the defendant served its answer and counterclaim on October 18, 1972; filing with the court was accomplished on November 9, 1972. On November 16, 1972, the plaintiff's default as to the counterclaim was entered with the clerk of court and the motion for default judgment on the counterclaim was filed. A reply to the counterclaim, designated as an answer, was served on December 8, 1972, and filed on December 12, 1972.

The motion for default judgment must be denied. A default judgment on the basis of the history of this case, and in view of the insufficiency of the defendant's claim of prejudice shown, would certainly be "too harsh". Vac-Air, Inc. v. John Mohr & Sons, Inc., 471 F.2d 231, 234 (7th Cir. 1973). I believe the entry of default must be vacated and the reply to the counterclaim allowed to stand.

The defendant's motion for judgment on the pleadings with respect to the counterclaim now becomes at issue. The counterclaim alleges that unpaid invoices of the distributor, John Schneider & Associates, Inc., in the amount of $4,028.50, were assigned to the defendant and are now due and owing from the plaintiff to the defendant. The reply admits the assignment and that the invoices are unpaid but denies any responsibility therefor "by reason of the matters and facts alleged in the complaint herein".

It is suggested by the defendant that this debt is liquidated and independent and, therefore, a determination of the plaintiff's liability for the debt need not await resolution of the plaintiff's claim. The argument basically ascribes to the defendant a status analogous to a holder in due course.

I do not believe that it is appropriate to resolve the counterclaim at this time. There appears to be no dispute that the unpaid invoices assigned here relate directly to the subject matter of the plaintiff's claim; they are for materials purchased in order to utilize the defendant's metal plating process. There also appears to be no dispute that recovery on those invoices would be contingent upon the defendant's prevailing against the plaintiff's claim if the materials had been purchased directly from the defendant.

The complaint alleges that the purchases were made through the defendant's distributor in reliance upon the defendant's representations and that both the defendant and the distributor dealt with the plaintiff in attempts to correct difficulties encountered in utilization of the defendant's process. It follows, therefore, that there is a significant question as to whether the plaintiff's charges might not have been asserted as a defense to an attempt by the distributor, John Schneider & Associates, Inc., to recover on the invoices. This question is certainly no less relevant because the account was assigned to the defendant.

Therefore, it is ordered that the defendant's motion for default judgment on its counterclaim be and hereby is denied.

It is also ordered, on the court's own motion, that the default entered by the clerk in this action be and hereby is vacated; the plaintiff's reply to the counterclaim, designated as an answer, is allowed to stand.

It is further ordered that the defendant's motion for judgment on the pleadings with respect to its counterclaim be and hereby is denied.